BOLÍVAR PAGÁN, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent. SOL LUIS DESCARTES, TREASURER OF PUERTO RICO, Intervener.

No. 263. Argued April 1, 1952.—Decided August 6, 1952.

606

Bolívar Pagán, pro se. Víctor Gutiérrez Franqui, Attorney General, and Manuel J. Medina Aymat, Assistant Attorney General, for intervener, defendant in the main action.

MR. CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

In his amended complaint filed before the Tax Court of Puerto Rico, petitioner substantially alleged that in the years 1949 and 1950 the Treasurer and the Auditor of Puerto Rico, respondents, deducted and partially withheld the salary earned by petitioner as member of the Insular Senate, during a number of consecutive months, the deductions and the amounts so withheld amounting to $1,733.26; that respondents deducted and withheld the aforesaid amount under the excuse that petitioner had an income tax debt with the People of Puerto Rico; that said taxes were levied and assessed during the years 1925 to 1933, and, subsequent to these years and prior to deducting and withholding the amounts alleged, the Treasurer had not collected from petitioner said taxes, nor had he taken any steps to warn, notify, or collect the same, for which reason said alleged debt had prescribed in 1949 and in 1950, and besides, that respondents lacked the legal authority to collect the same in 1949 and in 1950, pursuant to the provisions of §§ 60 and 61 of the Income Tax Act of Puerto Rico approved in 1925 as subsequently

amended, and, consequently, petitioner requested the refund of the aforesaid amount.

In their answer to the amended complaint the respondents specifically denied that the taxes in controversy had prescribed or that they were null and void, or that the Treasurer lacked the legal authority to collect them.

Prior to the introduction of the evidence, the Tax Court approved a stipulation submitted by the parties to the effect that "the Treasurer has not instituted or continued any other proceeding, except the withholding of petitioner's salary involved in this suit, for the collection of the taxes in question."

After a hearing, the Tax Court rendered a decision on June 29, 1951 decreeing "that the order directing the Treasurer and Auditor of Puerto Rico, respondents herein, to pay to petitioner the total amount of his salaries as a Senator of Puerto Rico, which have been or are object of deduction and withholding does not lie, nor does the order to annul and cancel the withholding of the salary which has given rise to this suit . . ."

We issued a writ of certiorari to review the decision of the Tax Court.

 In the first assignment petitioner alleges that the Tax Court erred "in deciding that the collection of the taxes sued herein had not prescribed, and that the Treasurer had the authority to collect them." In support of his contention petitioner relies on the provision of § 61 (c) of the Income Tax Act.[1]

---

[1] Section 61 (c) provides as follows:

"Where the assessment of the tax is made within the period prescribed in Section 60 or in this Section, such tax may be collected by distraint or by a proceeding in court, begun within ten years after the assessment of the tax. Nothing in this Act shall be construed as preventing the beginning, without assessment, of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made; Provided, That nothing contained in this Section shall be interpreted in the sense of reviving actions already prescribed on the date this Act takes effect."

Petitioner resorts to the English text of Act No. 74 of May 9, 1937 (Sess. Laws, p. 198) which amended § 61(c) as it now stands, to support his contention that the action of the Treasurer in taking property or salaries accrued, through the office of the Auditor, under the provisions of § 124 of the Political Code,[2] is a distraint proceeding [3] to make the collection of taxes after the statutory period provided by law for collection has prescribed. In resorting to the English text petitioner contends that he does so because it is at variance with the Spanish text which uses the word *"embargo'* as an incorrect translation of "distraint." The word *"apremio"* would be a correct translation of the word "distraint." *Bianchi* v. *Treasurer*, 47 P.R.R. 54, 61, citing *Bowers* v. *N. Y. & Albany Co.*, 273 U. S. 346; see also § 83 of the Income Act.[4] The distraint proceeding is analogous or equivalent to that of attachment. *Bianchi* v. *Treasurer, supra;* notes in 84 U. Pa. L. Rev. 262 and 45 Yale L. J. 945; 9 Mertens, Law of Federal Income Taxation, § 49.149, p. 127. Therefore § 61(c) *supra*, would bar any of the two proceedings—whether distraint or judicial—for a tax collection commenced 10 years after the tax was levied.

Was the proceeding employed by interveners herein perhaps the *"embargo"* proceeding mentioned in the Spanish

---

[2] Section 124 of the Political Code reads:

"Sec. 124. No money shall be paid to any person for his compensation, or to any claimant in satisfaction of any claim or demand against the Insular Treasury, where such person or claimant is indebted and in arrears to The People of Porto Rico and is charged therewith upon the books of the Auditor, until he has accounted for and paid to the Treasurer of Porto Rico all sums for which he may be liable: *Provided,* That upon good cause shown and where the interests of the Insular Government will be benefitted thereby, necessary payments of compensation or salary due to persons in arrears to The People of Porto Rico and who are retained in the employment of the Insular Government, may be made upon the recommendation of the Auditor and the approval of the Governor.

"In all cases where the pay or salary of any person, or an amount found due on any claim or demand against The People of Porto Rico, is withheld in pursuance of this Section, it shall be the duty of the

version of § 61(c), *supra*, or that of *"apremio"* as labeled by petitioner? We answer in the negative. In collecting from petitioner income tax assessed or levied, by way of withholding part of his salary as Senator, interveners acted pursuant to the provisions of § 124 of the Political Code. It did not employ the administrative distraint proceeding for the collection of income tax, which is the same one used, pursuant to the aforesaid § 83 of the Act, *supra*, for the collection of property taxes and which shall be held to have been begun only after the attachment and salé of the taxpayer's property. *Bianchi* v. *Treasurer, supra;* 10 Mertens § 57.86, p. 274. It can not be said therefore, that the action of the Treasurer in withholding the salaries accrued was a distraint proceeding which is a specific proceeding for the collection of taxes.

Although it is true that the aforesaid § 61(c) establishes a limitation period for purposes of a proceeding in court or a distraint proceeding for the collection of a tax assessed or levied, that period merely prevents the Treasurer from using those proceedings but in nowise impairs his right to collect the tax by other remedies at law. *Sucrs. de Sobrino & Cía.* v. *Tax Court*, 68 P.R.R. 809; *Rodríguez & Palacios* v. *Tax Court*, 68 P.R.R. 635. Section 124 of the Political Code forbids the payment of money in satisfaction of any claim or

---

Auditor to set-off and credit the amount so withheld against the indebtedness of the party in arrears, or so much as may be required to satisfy and extinguish such indebtedness."

[3] Insofar as pertinent the English text reads:

". . . such tax may be collected by distraint [in the Spanish text it reads *'embargo'*] or by a proceeding in court, begun within ten years after the assessment of the tax. . . ."

[4] Section 83 provides:

"The taxes imposed by this Act, and penalties, surcharges and interest, shall in all cases constitute a first lien in favor of The People of Porto Rico on the real and personal property and chattels real of the taxpayer, from and after the date of the publication of such taxes in the office of the collector of internal revenue of the respective municipality, and such taxes shall be collected by the Treasurer of Porto Rico in the same manner and through the same *summary* proceedings provided by existing law for the collection of property taxes." (Italics ours.)

demand to any person who appears to be indebted and in arrears to the People of Puerto Rico if said debts are charged upon the books of the Auditor.[5] We do not see the apparent conflict which petitioner alleges exists between § 61 (c) and § 124. Both provisions are in perfect harmony, the former refers to proceedings for the collection of income tax establishing a limitation period, the latter refers to an absolute prohibition of paying money to any person in satisfaction of any salary or demand where such person is indebted and in arrears to the People of Puerto Rico, notwithstanding the nature of his debts. Income tax debts are included among those. We see no justification whatsoever for petitioner's contention to the effect that, admitting as he admits, that he is indebted to the People of Puerto Rico, for not paying the income tax which was duly assessed, he has the right to receive his complete salary as a Senator. The Treasurer could not collect the taxes by way of distraint or by a proceeding in court, but the law does entitle him to refuse to pay those salaries and apply them to the debt.

■ As a second assignment petitioner alleges that the Tax Court erred "in deciding that the Treasurer could collect the taxes involved in this suit through the Auditor's office."

He urges that the stipulation of the parties in the lower court stating that no other proceeding had been instituted, shows that in the case herein the circular letters of the Auditor of Puerto Rico appearing in the record were violated, and specifically Rule 13 of the ones enacted on March 8, 1950 which states that: "No taxes or debts due to the Treas-

---

[5] The petitioner did not show before the lower court that he did not owe the taxes and that said debt did not appear in the books of the Auditor. On the contrary, at the hearing in the lower court he set forth the following:

"Among petitioner's averments in his amended complaint he contends that the taxes involved herein were assessed and levied illegally without any income to justify them. Petitioner trusting in the questions of law raised herein, and although he believes that what he alleges is entirely true, desists from that part of the averment."

ury shall be collected through the office of the Auditor unless the remedies afforded to the Treasurer for collection pursuant to law and its regulations have been exhausted"; and Rule 14 of that same circular letter which provides "Steps shall be taken . . . once it is decided that the employee has no other property or income from which collection may be effected, and only when he has refused to avail himself of the provisions of Act No. 19, 1931." The provisions of the circulars to which petitioner refers are of an administrative nature for the internal government of the Auditor's office, which in no way could limit or restrict the application of § 124 of the Political Code, *supra,* which, as we have stated, contains a blanket prohibition.

In support of the third assignment, petitioner alleges that he was not notified before the tax was deducted from his salaries, and this by itself, vitiates the proceeding followed by the Treasurer. It appears from the record that petitioner was notified, warned, and demanded by registered mail to pay the taxes and that every year a notice of deficiency was sent to him. As to what proceeding was followed for withholding certain amounts from his salary, petitioner was not informed, but he was notified of the deductions and amounts withheld from his salary as Senator. The notice was attached to his salary check bearing the deduction. Said notice contained the tax rate, amount and the balance for which the check was made.

There is nothing in the proceeding followed in the instant case to render void the withholding made pursuant to the provisions of § 124 of the Political Code. The notice which petitioner claims is not a requirement provided by said Section.

Judgment will be affirmed.